UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
In Re:                                                        :
                                                              :
BRADLEY C. REIFLER,                                           :
                             Debtor,                          :
--------------------------------------------------------------x
BRADLEY REIFLER, NANCY REIFLER,                               :
LISETTE ACKERBERG AND/OR JOHN DOE 1                           :
AND 2, as Trustees of the Ackerberg Irrevocable               :
Trust FBO Kelsey Reifler; BRADLEY REIFLER,                    :  **OPINION AND ORDER**
NANCY REIFLER, LISETTE ACKERBERG                              :
AND/OR JOHN DOE 3 AND/OR 4, as Trustees of                    :  20 CV 1427 (VB)
the Ackerberg Irrevocable Trust FBO Cole Reifler;             :
BRADLEY REIFLER, NANCY REIFLER,                               :
LISETTE ACKERBERG AND/OR JOHN DOE 5                           :
AND 6, as Trustees of the Ackerberg Irrevocable               :
Trust FBO Paige Reifler; BRADLEY REIFLER,                     :
NANCY REIFLER, AND/OR JOHN DOE 7 AND                          :
8, as Trustees of the Bradley C. Reifler Children's           :
Trust; BRADLEY REIFLER, NANCY REIFLER,                        :
AND/OR JOHN DOE 9 AND 10, as Trustees of                      :
the Bradley Reifler Children's Trust No. 1;                   :
KELCOP, LP; KELCOP FAMILY LLC a/k/a                           :
Kelcop LLC; NANCY REIFLER; KELSEY                             :
REIFLER; COLE REIFLER; EGIAP, LLC;                            :
POCLEK, LLC; and JOHN DOES 11–20,                             :
                             Appellants,                      :
v.                                                            :
                                                              :
MARIANNE T. O'TOOLE, as Chapter 7 Trustee                     :
of the Estate of Bradley C. Reifler,                          :
                             Appellee.                        :
                                                              :
                                                              :
--------------------------------------------------------------x

Briccetti, J.:

 Bradley C. Reifler ("Debtor"), his wife Nancy Reifler, four trusts for the benefit of his

adult children (Kelsey, Cole, and Paige Reifler), Kelsey Reifler, Cole Reifler, and a number of

companies created, operated, and/or controlled by Debtor, his wife, and/or his three adult

1

children (KELCOP LP, KELCOP FAMILY LLC, EGIAP, LLC, and POCLEK, LLC)[1] (collectively, the "Family Defendants" or "Appellants"), appeal from a December 26, 2019, Order (the "Contempt Order") of the U.S. Bankruptcy Court for the Southern District of New York (Hon. Cecelia G. Morris, Chief Judge), finding the Family Defendants in contempt, striking their answer, entering default judgment against each of them on all counts of the complaint, and entering final judgment in favor of the Chapter 7 Trustee Marianne O'Toole (the "Trustee") against each Family Defendant, jointly and severally, in the amount of $9,320,516.59. (Adv. Pro. No. 19-9003 Doc. #57).

For the following reasons, the Bankruptcy Court's Order is VACATED and the case is REMANDED to the Bankruptcy Court for further proceedings consistent with this Opinion and Order.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

I. Underlying Bankruptcy Petition and Adversary Proceeding

On January 20, 2017, Bradley C. Reifler filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Marianne O'Toole was appointed as the Chapter 7 Trustee of Debtor's estate and, by operation of law, became the permanent Trustee of Debtor's estate.

On January 19, 2019, the Trustee commenced an adversary proceeding (the "Adversary Proceeding") by filing a complaint against the Family Defendants and Lisette Ackerberg.[2] The complaint seeks: (i) the avoidance and recovery of transfers from Debtor to family members,

---

[1] Paige Reifler is not named as an individual defendant in this case and is involved by virtue of her ownership EGIAP LLC.

[2] Lisette Ackerberg, Debtor's mother, was a defendant in the underlying adversary proceeding but is not a party to this appeal.

2

family-related entities, and trusts; (ii) the recovery of damages relating to the failure of the Family Defendants to repay the transfers; (iii) the turnover or accounting of the transfers; and (iv) attorneys' fees. According to the complaint, the transfers totaled $9,320,516.59. The sixteen-count complaint includes "claims for: (i) turnover; (ii) alter ego liability; (iii) reverse veil piercing or nominee liability; (iv) fraudulent transfers pursuant to 11 U.S.C. §§ 544(a)(1), 544(b), 548(a)(1)(B)(i) and (B)(ii)(I) and 550 and New York Debtor Creditor Law ("DCL") §§ 273–276; (v) civil conspiracy; (vi) avoidance; and/or (vii) attorney's fees." (Doc. #24 at ECF 14).[3]

On January 31, 2019, the Family Defendants and Lissette Ackerberg filed a single answer to the complaint, which asserted certain affirmative defenses.

At the outset of the Adversary Proceeding, the Family Defendants were jointly represented by Michael D. Siegel, Esq., of the law firm Siegel & Siegel, P.C. Debtor's children, Kelsey Reifler, Cole Reifler, and Paige Reifler on behalf of EGIAP LLC ("Reifler Children") retained their own counsel, Gabriel Del Virginia, Esq., on March 5, 2020, after jointly filing the instant appeal. Debtor, his wife, and the remaining defendants ("Debtor Appellants")[4] are still represented by Mr. Siegel.

## II.  Origins of the Discovery Dispute and First Hearing

On March 15, 2019, the Bankruptcy Court issued a scheduling order, requiring the parties to exchange initial disclosures and to complete discovery by September 15, 2019. The order

---

[3]  "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

[4]  Debtor Appellants include Debtor and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Kelsey Reifler; Bradley Reifler and Nancy Reifler, as Trustees of the Ackerberg Irrevocable Trust FBO Cole Reifler; Bradley Reifler and Nancy Reifler as Trustees of the Ackerberg Irrevocable Trust FBO Paige Reifler; Bradley Reifler and Nancy Reifler, as

provided that "[f]ailure to comply with [the scheduling order] may result in sanctions being imposed." (A-92).[5]

On June 13, 2019, the Trustee served on each Family Defendant separate interrogatories and document requests, as well as notices of deposition on Nancy Reifler, Kelsey Reifler, Cole Reifler, and Paige Reifler, for the week of July 15, 2019. The deadline to respond and serve objections to the Trustee's requests was July 12, 2019.

On July 9, 2019, Mr. Siegel informed Andrew O'Toole, Esq., counsel for the Trustee, that Nancy Reifler, Kelsey Reifler, Cole Reifler and Paige Reifler were not available for the noticed depositions. He suggested the depositions be rescheduled for August 2019. Mr. O'Toole responded by letter stating that no Family Defendant had provided initial disclosures or responded to the Trustee's interrogatories or document requests. The letter stated the Trustee would seek judicial intervention if the Family Defendants did not cure their failure to comply with outstanding discovery obligations by July 26, 2019.

On July 26, 2019, Mr. Siegel emailed Mr. O'Toole attaching responses to interrogatories and document requests for a separate defendant in an ancillary adversary proceeding relating to Debtor's estate. The email stated:

> I am not going to have responses for the [Adversary Proceeding] today. I had emailed you to set depositions of the defendants there, starting with Kelsey Reifler, in August. I would like to set a new date for documents and interrogatory

---

Trustees of the Bradley C. Reifler Children's Trust; Bradley Reifler and Nancy Reifler, as Trustees of the Bradley Reifler Children's Trust No. 1; Kelcop LP; Kelcop Family LLC a/k/a Kelcop LLC; Nancy Reifler; and Poclek, LLC.

[5] The Joint Appendix ("A-") is filed on the docket in multiple volumes consecutively paginated. (Docs. ##23 to 23-7). Accordingly, citations to the Joint Appendix are to the consecutive page number, not the page numbers automatically assigned for each volume by the Court's Electronic Case Filing system.

4

responses, and depositions. I am a one man show here, and there are a lot of people involved.

(A-319). Mr. O'Toole replied the same day indicating the Family Defendants remained in default of their discovery obligations. He also declined to set deposition dates before receiving the outstanding discovery.

On July 30, 2019, the Bankruptcy Court held a pretrial conference. During the conference, Mr. O'Toole discussed the Trustee's attempts to conduct discovery and advised the court that no Family Defendant had responded to discovery demands. In response, Mr. Siegel stated that he offered to set deposition dates in August, but Mr. O'Toole rejected his offer. The court ordered the Trustee to file a motion to compel, accepting the Trustee's argument that deposing the Family Defendants without documents or interrogatories would be ineffectual. Specifically, Judge Morris stated to the Trustee:

> I just want to make sure on your motion to compel that you put in there very specifically that if there is lack of cooperation and lack of documents, there is the strong possibility you'll be moving the Court for a judgment against them. Basically, a judgment against, without going to trial. Let's let them know they've got consequences to this.

(A-104).

III.    Motion to Compel Discovery and Second Hearing

On August 14, 2019, the Trustee moved for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure to: (i) compel the Family Defendants to properly and fully respond to the Trustee's first set of document requests and interrogatories, (ii) appear for depositions, and (iii) for sanctions and related relief, including reasonable attorney's fees and to strike Appellants' answer ("Motion to Compel").

On September 9, 2019, the Family Defendants filed an opposition to the Motion to Compel, arguing that the Family Defendants each signed and returned answers to interrogatories

5

and Rule 26 disclosures and produced "hundreds of pages of documents." (A-328). They also stated they had completed their discovery production and that the parties should proceed to depositions. Although the Family Defendants conceded they had not complied with the discovery demands at the time the Motion to Compel was filed, they argued that, because discovery was not scheduled to close until September 15, no default of any discovery order had yet occurred.

On October 29, 2019, the Bankruptcy Court held a hearing on the Trustee's pending Motion to Compel. During the hearing, Mr. O'Toole advised the Court that "starting on August 16, [Mr. Siegel] . . . started to send a barrage of emails with basically jpegs attached, not organized in any fashion, not identifying which defendant was producing any of the documents." (A-350). Mr. O'Toole further advised the court that the interrogatory responses received on August 19, 2019, were "woefully disorganized." (A-352). Finally, Mr. O'Toole stated that, on September 9, 2019, the Trustee received the Family Defendants' Rule 26 disclosures and one large document response on behalf of all Family Defendants. Mr. Siegel replied that the documents were produced to him by the Family Defendants collectively, but the interrogatories were completed individually. Mr. Siegel reiterated the Family Defendants' position that they had produced all documents and they should proceed to depositions.

Upon conclusion of the parties' arguments, the Bankruptcy Court found the Family Defendants' Rule 26 disclosures to be incomplete and inadequate. Specifically, the court noted the documents produced were not attributed to any specific defendant. The court also concluded some of the documents were illegible based upon a document shown by Mr. O'Toole on the court's projector. The court further noted the Family Defendants' answers to the interrogatories

referenced documents produced to the Trustee in separate proceedings, but the answers neither described what documents had been produced nor furnished copies for the present record.

At the conclusion of the hearing, Judge Morris warned Mr. Siegel that his clients would need to begin to comply with the discovery requests by the next hearing on December 3, 2019. The court stated:

> You're going to either answer each one of those interrogatories in a more robust form or there's going to be a motion for contempt filed. And we're now looking at a possible 9011 motion. So, this is a discovery request; we're doing it the way discovery was sought to have. So, I expect that to be done, and you need to come back and see me on December, the 3rd, because I expect a lot to be going on before then.

(A-369).

By order dated October 31, 2019, the Bankruptcy Court granted the Trustee's Motion to Compel ("Compelling Order"), which required the Family Defendants to: (i) provide their initial disclosures within seven days; (ii) serve "proper, complete and signed document requests and interrogatory responses for each family defendant, together with any responsive documents by defendant or within the custody, possession and/or control of that family defendant" within fourteen days; and (iii) pay the reasonable attorneys' fees of the Trustee's counsel in connection with its attempts to obtain discovery. (A-339–41). The Compelling Order warned that if "any of the Family Defendants fail to comply with this Order or fulfill the requirements within the specified time, their Answer shall be stricken and/or a default judgment shall be entered against such Family Defendant(s); and/or the Court may grant all such other and further relief as the Court deems just and proper." (A-341).

The Family Defendants took no action in response to the Compelling Order.

On November 14, 2019, the Bankruptcy Court entered an order awarding counsel for the Trustee expenses in the amount of $9,958.50 incurred in connection with bringing the Motion to

Compel ("Order Awarding Expenses"). The Order Awarding Expenses directed the Family Defendants to pay the Trustee's counsel within fourteen days. The Family Defendants neither made the required payment nor raised any issue with the Bankruptcy Court regarding their ability to do so.

IV.  <u>Motion to Hold the Family Defendants in Contempt and Third Hearing</u>

On December 4, 2019, as directed by the Bankruptcy Court, the Trustee moved to hold the Family Defendants in contempt, to strike their answer, and to enter judgment against them, jointly and severally ("Contempt Motion"). The Trustee attached to the Contempt Motion a proposed order finding the Family Defendants in contempt, striking their answer, and entering default judgment against them, jointly and severally ("Proposed Contempt Order"). In the Contempt Motion, the Trustee argued the Family Defendants willfully failed to comply with the Compelling Order pursuant to Rule 37 and the Order Awarding Expenses. The Contempt Motion also stated that the date by which the Family Defendants should file their response was December 13, 2019.

On December 13, 2019, the Family Defendants filed an opposition to the Contempt Motion, arguing they had already produced complete responses to the discovery demands in compliance with the Federal Rules of Civil Procedure and that they were financially unable to comply with the Order Awarding Expenses.

On December 17, 2019, the Bankruptcy Court held a hearing on the Contempt Motion. During the hearing, Mr. Siegel reiterated his clients' position that they "produced everything that there is to produce." (A-430). Citing Local Rule 9006, which requires that opposition briefs be filed seven days prior to a hearing, the court noted that Mr. Siegel filed his opposition to the Contempt Motion three days late. In response, Mr. Siegel argued that the Trustee's notice of

8

motion stated the return date for his opposition was December 13, 2019.  The court stated that Mr. Siegel was required to know and follow the local rules rather than the date given by the Trustee.

The Bankruptcy Court then questioned Mr. O'Toole about the Family Defendants' compliance with the Compelling Order and the Order Awarding Expenses.  Mr. O'Toole informed the court that there had been no response by the Family Defendants, no additional discovery produced or clarifications, nor had they made any payment of the attorney's fees.  Thereafter, Judge Morris and Mr. Siegel had the following exchange:

> THE COURT:  Very good.  Yes, sir?
>
> MR. SIEGEL:  The interrogatories and document responses that we provided before that hearing were fully compliant, fully adequate --
>
> THE COURT:  Sir, I ruled at that time, and you heard me rule.  There was then a court order subsequent to that, and that court order is in front of us now.  Where are those responses?
>
> MR. SIEGEL:  We have no further responses to make.
>
> THE COURT:  I will then strike your answer.  Answer struck.

(A-433–34).  Judge Morris then stated, "I have just now struck their answer.  I'm entering a default judgment against every family member . . . .  But I'm entering a default judgment against those family members for failure to comply with this Court's order."  (A-434).  After the court struck the Family Defendants' answer and entered default judgment, Mr. Siegel asked about the Trustee's request for joint and several liability.  Judge Morris stated:  "You didn't oppose it.  And you didn't oppose it in the manner set forth, so it's joint and several."  (A-435).

Regarding the late filing, the Bankruptcy Court explained that "Local Rule 9006, except otherwise ordered by the Court, required by the Bankruptcy Rules, all motion papers shall be served at least 14 days before the return date.  Where service is made at least 14 days before the

9

return date, entering answering papers shall be served at least 7 before.  That's to the untimely papers.  These papers were not filed." (A-435).

On December 26, 2019, the Bankruptcy Court so ordered the Trustee's Proposed Contempt Order ("Contempt Order").  The Order states the Family Defendants "have each willfully failed to comply with the [Compelling Order] and [Order Awarding Expenses]." (A-423–24).  In addition, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi), the Contempt Order struck the Family Defendants' answer, entered default judgment against each of the Family Defendants, and entered final judgment against each of the Family Defendants, jointly and severally, in the amount of $9,320,516.59.

Appellants timely appealed from the order.  (Doc. #1).

## DISCUSSION

I.      Standard of Review

This Court reviews a bankruptcy court's order imposing sanctions for an abuse of discretion.  See In re Kalikow, 602 F.3d 82, 91 (2d Cir. 2010).[6]  A bankruptcy court "necessarily abuse[s] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  In re Highgate Equities, Ltd., 279 F.3d 148, 151 (2d Cir. 2002).  A bankruptcy court's decision rests on an erroneous view of the law if it applies the wrong legal principle.  See Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006).  Alternatively, a bankruptcy court may abuse its discretion by basing its decision on a clearly erroneous factual finding, or one that "cannot be located within the range of permissible decisions."  Id. at 294–95.

---

[6]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

II.       <u>Rule 37 Sanctions</u>

    A.       <u>Legal Standard</u>

Bankruptcy courts may impose sanctions pursuant to Fed. R. Civ. P. 37, which applies to adversary proceedings in bankruptcy courts pursuant to Fed. R. Bankr. P. 7037.[7] Rule 37(b) authorizes courts to impose sanctions on parties for "fail[ing] to comply with a court order." Specifically, Rule 37(b)(2)(A) provides, in relevant part:

> (A) For Not Obeying a Discovery Order.  If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>
> (iii) strik[e] pleadings in whole or in part; . . . or
>
> (vi) render[] a default judgment against the disobedient party.

Courts evaluating whether a sanction imposed under Rule 37 was an abuse of discretion consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." <u>Markus v. Rozhkov</u>, 615 B.R. 679, 710 (Bankr. S.D.N.Y. 2020).  "Because the text of the rule requires only that the [] court's orders be just . . . and because the [] court has wide discretion in imposing sanctions under Rule 37, these factors are not exclusive, and they need not each be resolved against the party challenging the [] court's sanctions for us to conclude that those sanctions were within the court's discretion." <u>World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.</u>, 694 F.3d 155, 159 (2d Cir. 2012).

---

[7] Bankruptcy courts also have an inherent sanctioning power.  <u>See</u> <u>In re Sanchez</u>, 941 F.3d 625, at 627–28 (2d Cir. 2019).  Judge Morris did not invoke the bankruptcy court's inherent authority to sanction in issuing the Contempt Order or during the December 17, 2019, hearing. "Bankruptcy Court's discretion to award sanctions may be exercised only on the basis of the specific authority invoked by that court." <u>In re Kalikow</u>, 602 F.3d at 96.

"The absence of any substantive discussion for why the specific sanctions imposed were appropriate implicates a possible abuse of discretion." In Re Charles DeGennaro, III, 2020 WL 7231945, at *8 (S.D.N.Y. Dec. 8, 2020) (citing Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (noting trial courts have "wide discretion" to impose sanctions under Rule 37 but declining to affirm entry of default judgment without an explanation from lower court supporting the sanction); see also World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 594 F.3d at 159 ("Bereft of findings of fact or legal analysis for the district court, we cannot find imposing the severe sanction of dismissing [plaintiff's] claim for damages was an appropriate exercise of the district court's discretion.").

"[D]efault imposed pursuant to Rule 37 is a 'drastic remedy' generally to be used only when the [] judge has considered lesser alternatives." Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010).

B.   Analysis

There is insufficient support in the record for the Bankruptcy Court's order striking Appellants' answer and entering default judgment against them as a sanction for Appellants' failure to comply with the Compelling Order.  The record of the December 17, 2019, hearing on the Contempt Order lacks any factual or legal analysis.  Therefore, this Court cannot determine whether the Bankruptcy Court considered why the specific sanctions imposed were appropriate.

First, nothing in the record indicates the Bankruptcy Court considered the efficacy of lesser sanctions.  Although "default imposed pursuant to Rule 37 is a 'drastic remedy' generally to be used only when the [] judge has considered lesser alternatives," Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d at 144, it is clear the Bankruptcy Court never considered any sanction other than striking Appellants' answer.  Indeed, during the July 30,

2019, hearing and before any motion to compel or motion for contempt was filed, the Bankruptcy Court instructed the Trustee to include in her motion to compel that "there is the strong possibility you'll be moving the Court for a judgment against them.  Basically, a judgment against, without going to trial."  (A-104).

Moreover, during the December 17, 2019, hearing, when Mr. Siegel informed the Bankruptcy Court that Appellants "ha[d] no further responses to make" to the discovery requests (A-434), Judge Morris responded:  "I will then strike your answer.  Answer struck."  (Id.).  This exchange encompasses the entirety of the Bankruptcy Court's consideration of appropriate sanctions during the December 17, 2019, hearing.  The Contempt Order provides no indication that the court considered lesser sanctions.  Based on the record before this Court, the Bankruptcy Court's lack of substantive discussion is an abuse of discretion.

Second, although the Court recognizes that "[d]ismissal under Rule 37 is warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault," John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988), the record does not indicate the Bankruptcy Court considered whether Appellants' noncompliance was willful prior to imposing the Contempt Order.  Specifically, there was no legal or factual discussion during the December 17, 2019, hearing regarding the willfulness of Appellants' noncompliance with prior orders prior to striking the Family Defendants' answer on the record.

Although the Contempt Order makes a passing reference to the willfulness of Appellants' failure to comply with the Compelling Order or the Order Awarding Expenses, that reference is insufficient to demonstrate the Bankruptcy Court considered whether Appellants disobeyed prior orders willfully or in bad faith.  Indeed, the Contempt Order, which was a proposed order

13

submitted by the Trustee and signed by the Bankruptcy Court, simply memorialized the decision made by the court on the record during the December 17, 2019, hearing. Beyond noting that the Appellants' conduct was "willful," the Contempt Order engages in no further discussion supporting such a finding.

The record further indicates the Bankruptcy Court declined to consider the willfulness of Appellants' noncompliance. For example, during the December 17, 2019, hearing, Mr. O'Toole stated that "it is not clear from the affirmation submitted by the attorney . . . what, if anything, all of the individual defendants, their personal knowledge of the Court's orders." (A-429). Mr. O'Toole requested the court consider entering an order to show cause requiring the Family Defendants to come to court. Citing a lack of time and patience with the parties, the Bankruptcy Court declined to consider the issue. (A-430).

There may very well be a basis for imposing on Appellants the harsh sanction levied by the Bankruptcy Court. But it is this Court's task to review the Bankruptcy Court's decisions and determine whether they are based on an error of law or a clearly erroneous factual finding, not to justify the Bankruptcy Court's decisions without the benefit of its reasoning or careful consideration.

When, as here, a bankruptcy court imposes a sanction as extreme as default judgment, it is imperative that the decision be well reasoned. Based on the record, the Court is unable to decipher the Bankruptcy Court's reasoning. Accordingly, the Contempt Order is vacated and this case is remanded to the Bankruptcy Court to provide analysis of the Rule 37 factors supporting the imposition of the sanctions.

III.      <u>Joint and Several Liability</u>

Appellants argue the Bankruptcy Court erred in entering default judgment by imposing joint and several liability for the sum of the allegedly fraudulent transfers against all Appellants.

The Court agrees.

A.      <u>Legal Standard</u>

"[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." <u>City of New York v. Mickalis Pawn Shop, LLC</u>, 645 F.3d 114, 137 (2d Cir. 2011).

And although "a party's default is deemed to constitute a concession of all <u>well</u> <u>pleaded</u> allegations of liability, it is not considered an admission of damages." <u>Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992) (emphasis added). Thus, although it is not necessary for a court to conduct an inquest as to damages, the court must ensure "there was a basis for the damages specified in the default judgment." <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.</u>, 109 F.3d 105, 111 (2d Cir. 1997).

Joint and several liability is properly imposed when "two or more defendants jointly cause harm," and accordingly, "each defendant is held liable for the entire amount of the harm, provided, however, that the plaintiff recover only once for the full amount." <u>Honeycutt v. United States</u>, 137 S. Ct. 1626, 1631 (2017).

B.      <u>Analysis</u>

The Bankruptcy Court abused its discretion by imposing joint and several liability against each Appellant without first determining whether the well-pleaded allegations of the complaint supported such liability.

15

Indeed, it is clear from the record that the Bankruptcy Court conducted no analysis as to whether joint and several liability was appropriate or well-pleaded. During the December 17, 2019, hearing, Mr. Siegel sought to clarify whether the court's entry of default judgment imposed joint and several liability, but the court merely said: "You didn't oppose [the Contempt Motion]. And you didn't oppose it in the manner set forth, so it's joint and several." (A-435). The record of the hearing contains no additional analysis or explanation from the Bankruptcy Court.

The Contempt Order is also devoid of any analysis as to whether joint and several liability was appropriate or well-pleaded. It states only that "the final judgment shall immediately enter . . . against each of the Family Defendants, jointly and severally." (A-424). To the contrary, the Contempt Order outlines in a chart the damages stemming from certain transfers from Debtor to his family members, family-related entities, and trusts, and it delineates the total amounts attributable to each Appellant.

Moreover, it is not readily apparent from the face of the complaint whether joint and several liability is supported by the well-pleaded allegations. A cursory review of the complaint reveals the Trustee does not allege every fraudulent transfer involved all Appellants. Instead, the complaint contains specific allegations of transfers in differing amounts as to several different Appellants, and includes as an exhibit a list alleging particular transfers and particular recipients. (A-22–72).

Nor does the complaint expressly allege the Trustee sought to hold all Appellants jointly and severally liable. To the extent the Trustee's allegations of civil conspiracy are well-pleaded—which this Court is not determining—the complaint lists specific amounts sought from each Appellant as to that claim. Cf., e.g., In re Checkmate Stereo & Elecs., Ltd., 9 B.R. 585, 622

(Bankr. E.D.N.Y. 1981) (imposing joint and several liability for fraudulent transfers where trustee showed assets were fraudulently transferred and intermingled among debtor's family and assets).

Finally, the Bankruptcy Court never addressed whether there was a basis in the complaint for the damages specified in the default judgment. The court engaged in no discussion as to whether the pleaded damages were accurate or warranted. Assuming entry of default was appropriate as to all Appellants, assessing damages jointly and severally without determining whether there was a basis for those damages is an error of law. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158.

Accordingly, the record demonstrates the Bankruptcy Court abused its discretion by imposing joint and several liability against all Appellants for the full amount of the damages alleged in the complaint without conducting any analysis. The Contempt Order must be vacated and remanded to the Bankruptcy Court for further proceedings consistent with this Court's opinion. To be clear, this Court is not finding that joint and several liability against all Appellants for the full amount of the damages alleged is not appropriate. It is up to the Bankruptcy Court in the first instance to make that determination after conducting an appropriate analysis.

## CONCLUSION

The Bankruptcy Court's Order of December 26, 2019, is VACATED and the case is REMANDED to the Bankruptcy Court for further proceedings consistent with this Opinion and Order.

The Clerk is instructed to terminate the pending appeal and close the case.

Dated: March 31, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge